

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2007

# USA v. Remoi

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4866

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Remoi" (2007). *2007 Decisions.* Paper 1604.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1604

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4866

_____

UNITED STATES OF AMERICA

v.

OKOCCI REMOI,

Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00804-1)
District Judge: Honorable James K. Gardner

_____

Submitted Under Third Circuit LAR 34.1(a)
on January 8, 2007

Before: SLOVITER and RENDELL , <u>Circuit Judges</u>,
and IRENAS, <u>District Judge</u>.

(Filed: February 16, 2007)

_____

OPINION OF THE COURT

_____

_____

\* Honorable Joseph E. Irenas, Senior Judge of the United States District Court for
the District of New Jersey, sitting by designation.

RENDELL, Circuit Judge.

Okucci Remoi appeals from a sentence entered following his April 2003 conviction for hampering the departure of an alien subject to removal, in violation of 8 U.S.C. § 1253(a)(1)(C).  Remoi appeals to our court for a second time, following a remand under *United States v. Booker*, 543 U.S. 220 (2005), now contending that the District Court erred under *Shepard v. United States*, 544 U.S. 13 (2005), by concluding, based solely on the charging document and without consulting the record of Remoi's guilty plea, that his 1990 New Jersey conviction on two counts of criminal sexual contact involved physically helpless victims and therefore qualified as a crime of violence under United States Sentencing Guidelines § 2L1.2.  We will affirm the District Court's sentencing order.

## I.

Remoi's argument on appeal is that the Supreme Court's holding in *Shepard*, which further explains the exception to the "categorical" approach used to determine whether the elements giving rise to liability in a prior conviction comport with the elements necessary to trigger a sentencing enhancement, is somehow at odds with the methods used at sentencing by the District Court.  We disagree.

We note that the procedural posture of this appeal substantially undercuts Remoi's claim.  In our previous opinion in *United States v. Remoi*, 404 F.3d 789, 792-93 (3d Cir. 2005) ("*Remoi I*"), we specifically concluded that Remoi's 1990 conviction for criminal

2

sexual contact categorically qualified as a "forcible sex offense," and therefore that it constituted a crime of violence for purposes of the enhancement under § 2L1.2.[1]  *Shepard* was decided five weeks before our opinion in *Remoi I* was filed, and we rejected Remoi's petition for rehearing based on *Shepard*.  Only if our ruling in *Remoi I* was inconsistent with *Shepard*, would we revisit it here, but we find no such inconsistency.

Remoi reads *Shepard* to mean that a District Court must look to both the adjudicative records surrounding the defendant's guilty plea and the charging document to determine whether a defendant's prior conviction is of a kind that triggers an enhancement under the Guidelines.  Given this reading, Remoi contends that because he never specifically admitted to sexual contact with a "helpless victim" during his plea colloquy, the Government cannot show that his prior conviction was for a crime of violence under the "categorical approach."  However, regardless of the accuracy of his interpretation of *Shepard*, Remoi's reliance on that case is misplaced.

In *Shepard*, the Supreme Court explained how the exception to the categorical approach, previously set forth in the context of convictions following trial in *Taylor v. United States*, 495 U.S. 575 (1990), should be applied to convictions following plea agreements.  In *Taylor*, the Court determined that an exception to the strict categorical approach was necessary when the statute under which the defendant was previously

---

[1]Remoi was convicted again under the same statute for a similar crime in 1995, though we did not rely on this conviction in *Remoi I*.  Any determination that the 1990 conviction qualifies for sentencing enhancement purposes applies equally to the 1995 conviction.

3

convicted includes multiple offenses, not all of which contain each of the elements necessary to trigger a sentencing enhancement. In the case of these "divisible statutes," the sentencing court must still determine whether the conviction necessarily encompassed all of the elements of the qualifying offense. However, to do so, the Supreme Court held that a sentencing court was permitted to look beyond the plain language of the statute – the usual limit of its gaze under the strict categorical approach – but that it could examine no more than the charging document and jury instructions from the previous trial. *Taylor*, 495 U.S. at 602.

Extending this rule to those situations in which a sentencing court is called upon to examine a conviction following a guilty plea, rather than following a full trial, the Supreme Court in *Shepard* set forth the universe of documents a sentencing court could examine and specifically declined to permit inquiry into police reports. The Court noted:

> We hold that inquiry . . . is limited to the terms of the
> charging document, the terms of a plea agreement or
> transcript of colloquy between judge and defendant in which
> the factual basis for the plea was confirmed by the defendant,
> or to some comparable judicial record of this information.

544 U.S. at 26.

However, as we held in *Remoi I*, the charging document leading to the 1990 conviction is clear, charging in both counts of criminal sexual contact that: "Remoi . . . did commit an act of sexual contact with A.C. when A.C. was one whom Okocci Remoi knew was physically helpless for the purpose of . . . contrary to the provisions of N.J.S.A. 2C:14-

4

3(b)."[2]  We need look no further than that document to determine, as we did in *Remoi I*, that Remoi was charged with and convicted of N.J.S.A. 2C:14-2c(2), which criminalizes intentional sexual touching with "one whom the actor knew or should have known was physically helpless." *Remoi I*, 404 F.3d at 793.  Accordingly, the enhancement under § 2L1.2 was applicable.  On remand, the District Court adhered to this ruling and applied § 2L1.2 to Remoi's sentence.

Given that we previously applied the strict categorical approach in *Remoi I*, *Shepard* does not alter the District Court's inquiry or the reasons for the result reached in our previous opinion and we will accordingly AFFIRM.

_____

_____

[2]The first count of criminal sexual contact was as to Remoi's touching of A.C., while the second count was as to his touching of a different victim, M.S.